## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 21-cv-00483-HE |
| v. | ) ) | |
| DEFENDANT FOODS COMPANY, LLC, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT

COMES NOW Defendant's Defendant Foods Company, LLC ("Defendant"), by and through its undersigned counsel, and requests the entry of an Order, prior to the *voir dire* examination of the jury panel that precludes opposing counsel, Plaintiff and its witnesses from any reference whatsoever at trial – whether direct or indirect – to the following:

(1) evidence and testimony regarding the EEOC's probable cause determination;

(2) the three (3) page Dr. Rebecca Morgan letter dated December 28, 2018 and testimony in reliance upon it;

(3) evidence and testimony regarding the off-the-clock use of a copier as a proposed accommodation for Mr. Berry;

(4) evidence and testimony regarding the potential accommodations for Mr. Berry not listed in Plaintiff's interrogatory responses;

(5) evidence and testimony regarding Plaintiff's claim for front pay;

(6) evidence relating to backpay damages on behalf of Mr. Berry;

(7) evidence and testimony to the jury relating to the issue of backpay damages;

(8) evidence relating to Plaintiff's claim that Mr. Berry is entitled to health insurance benefits; and

(9) the financial conditions of Defendant;

In addition, Defendant requests the entry of an Order granting its request for a bifurcated trial.

## ARGUMENT

The purpose of a Motion *in Limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial. *Burrows. v. Wal-Mart Stores East, LP*, CIV-18-335-SLP, 2019 WL 2281775, at *1 (W.D. Okla. May 28, 2019). Motions *in limine* are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions. *Baker Hughes Oilfield Operations, Inc. v. Pump Sys. Mgmt., Inc.*, No. CV-16-1035-SLP, 2018 WL 8963557, at *1 (W.D. Okla. Mar. 5, 2018); *see also Graves v. Dist. of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011).

1.     **Evidence and testimony regarding the EEOC's Probable Cause Determination should be excluded.**

The EEOC's "probable cause" determination should be excluded because it is irrelevant. Fed. R. Evid. 402. To the extent the EEOC's determination is even marginally relevant (which it is not), its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. The Tenth Circuit has found it error to admit the EEOC's probable cause determination at trial. *See Whatley v. Skaggs Companies*, 707 F.2d 1129, 1137 (10th Cir. 1983). The District of New Mexico has also held that the EEOC's determinations are irrelevant and inadmissible

under Fed. R. Evid. 402. *See Trujillo v. Bd. of Education of Albuquerque Public Schools*, No. 02-1146 JB/LFG, 2007 WL 9709783, at *3 (June 25, 2007). In addition, the Eighth Circuit has held that EEOC determinations lack probative value. *See Johnson v. Yellow Freight Systems, Inc.*, 734 F.3d 1304, 1309 (8th Cir. 1984) (to admit the EEOC's determination would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and the ability to draw its own conclusions from the evidence presented); *see also Williams v. The Nashville Network and Gaylord*, 132 F.3d 1123 (6th Cir. 1997) ("A strong argument can be made that a jury would attach undue weight to this type of agency determination, viewing it as a finding of discrimination as the plaintiff suggests it should be viewed – rather than as a mere finding of probable cause."); and *Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 23 (6th Cir. 1984) (the jury may have been influenced by the official character of the report to afford it greater weight than it was worth).

The jury can hear the evidence itself and reach its own conclusions. Therefore, the EEOC's "probable cause" determination should be excluded pursuant to Fed. R. Evid. 402, 403, and 802.

**2.     The December 28, 2018 Dr. Morgan Letter and testimony in reliance upon it should be excluded.**

Defendant anticipates Plaintiff will offer evidence regarding a letter from Dr. Rebecca Morgan dated December 28, 2018 (the "Morgan letter"). However, the Morgan letter is inadmissible hearsay and it and any testimony in reliance upon it should be excluded.

Hearsay statements are statements made outside of court and offered to prove the truth of the matter asserted. Fed. R. Evid. 801. Hearsay statements are inadmissible unless an exception applies. *See* Fed. R. Evid. 802.  Mr. Berry admitted that Dr. Morgan was not his treating physician and that he was examined by Dr. Morgan for "purposes of this litigation," to "document [his] vision impairment," to be "helpful to the EEOC investigator."  Dkt. 68-3 (Def. Exh. C, pp. 92:19-93:4); Dkt. 76-5, pp. 3-4.

Because Dr. Morgan examined Mr. Berry and issued a letter of opinion solely for purposes of litigation, the Morgan letter does not constitute a medical record under Fed. R. Civ. P. 803(5), the statements set forth in the Morgan letter are nothing more than inadmissible hearsay, and Dr. Morgan is nothing more than an undisclosed expert because Plaintiff did not disclose her identity or report as required by Fed. R. Civ. P. 26(a)(2) and this Court's order dated April 25, 2022 (ECF Doc# 52).  Plaintiff's failure to disclose Dr. Morgan's report and underlying investigation means that Plaintiff is barred from using Dr. Morgan's testimony and conclusions.  Fed. R. Civ. P. 37(c); *McNeese Photography, LLC v. Access Midstream Partners, LP*, 2016 WL 2962231, at *1 (W.D. Okla. May 20, 2016).

Therefore, evidence and testimony regarding or relying upon the Dr. Morgan letter, and the Dr. Morgan letter itself, should be excluded.

3.     **Plaintiff should be excluded from introducing evidence and/or testimony regarding the off-the-clock use of a copier as a proposed accommodation for Mr. Berry.**

In both Plaintiff's Complaint and during Mr. Berry's deposition testimony, it was suggested that a reasonable accommodation would have been for Defendant to allow Mr. Berry to come into work early, off-the-clock, to use a copier to enlarge the font on Defendant's cooler loadout sheets in order to allow Mr. Berry to read them.  *See* ECF Doc# 1, ¶ 39 and ECF Doc# 78-1 (Def. Ex. A, pp. 46:23-47:4, 47:17-48:1).

Permitting Mr. Berry to come in and perform the duties of his position "off-the-clock" would be a violation of the Fair Labor Standards Act (29 U.S.C. § 206; 20 C.F.R. § 785) and cannot be reasonable as a matter of law.

Therefore, Plaintiff should be excluded in *voir dire*, opening statement, testimony, rebuttal, closing argument, and any other part of this trial, from mentioning or introducing evidence regarding Mr. Berry's proposed accommodation to come in and perform the duties of his position "off-the-clock."

4.     **Evidence of proposed accommodations for Mr. Berry should be limited to those set forth in Plaintiff's Interrogatory Responses.**

Plaintiff should be precluded from introducing any evidence or testimony relating to proposed accommodations that were not included in Plaintiff's Interrogatory Responses. While Plaintiff wishes to add to its claim by now asserting that Defendant could have accommodated Mr. Berry by 1) changing the printer it uses, 2) increasing the font size on all of Defendant's products, 3) placing a copier in the Cooler department, and 4) installing product codes and hand scanners for its cooler loadout employees, these allegations do not

appear in Plaintiff's responses to Defendant's written discovery (*see* Defendant's Exhibit 1).

These new proposed accommodations do not properly appear in the evidence and Plaintiff should be precluded from seeking any recovery for claims associated with such allegations. The consequence of failing to properly plead such an allegation is that the evidence exceeding claims reasonably included within the Complaint should be excluded. *See, e.g., Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant" . . . "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."); *see also Seeds of Peace Collective v. City of Pittsburgh*, 453 F. App'x. 211, 215 n.3 (3d Cir. 2011) ("we do not consider factual allegations made in Three Rivers' brief but not pleaded in the complaint") *and Kost v. Kozakiewicz*, 1 F.3d 176, 183 n.4 (3d Cir. 1993) ("We firmly reject appellants' attempt to augment the factual record relevant to their claims by the voluminous inclusion in their briefs on appeal of facts not alleged in their complaint or otherwise properly appearing in the record.")

Therefore, Plaintiff should be precluded in *voir dire*, opening statement, testimony, rebuttal, closing argument, and any other part of this trial, from mentioning or introducing evidence of any allegation not properly plead, specifically its claims that Defendant could have reasonably accommodated Mr. Berry by 1) changing the printer it uses, 2) increasing the font size on all of Defendant's products, 3) placing a copier in the Cooler department;

4) installing product codes and hand scanners for its cooler loadout employees; 5) any other assistive device or technology not listed in Plaintiff's Interrogatory Answers[1].

**5.      Evidence relating to Plaintiff's claim that Mr. Berry is entitled to front pay should be excluded.**

Front pay is an equitable remedy, and its calculation is to be determined by the Court and not a jury.  *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 964 (10th Cir. 2002); *see also Excel Corp. v. Bosley*, 165 F.3d 635, 639 (8th Cir. 1999) ("The issue of front pay is not an issue for the jury to decide, rather it is a form of equitable relief which must be determined by the district court after considering all aspects of the case."); *Palasota v. Haggar*, 499 F.3d 474, 490-91 (5th Cir. 2007. Because whether to award, and the amount of, front pay is not within the province of a jury, evidence such as Mr. Berry's alleged future wage loss should be excluded as irrelevant pursuant to Fed. R. Evid. 402. To the extent this evidence is marginally relevant, it is unfairly prejudicial, confusing, and a waste of time. See Fed. R. Evid. 403.

**6.      Evidence relating to backpay damages on behalf of Mr. Berry should be excluded.**

Plaintiff should be barred from introducing evidence and testimony in support of a claim for backpay for Mr. Berry because Mr. Berry is not entitled to receive back pay for

---

[1] While the use of Mr. Berry's personal iPad is not listed in Plaintiff's Interrogatory Responses, Defendant does not argue that this proposed accommodation should be excluded from consideration as Mr. Berry testified about the use of his iPad during deposition and Defendant's expert witnesses were given the opportunity to consider the use of Mr. Berry's iPad in performing the essential functions of the cooler loadout position.

the period of time he has been receiving Social Security Disability Insurance benefits and because he failed to mitigate his alleged damages.

The purpose of a back pay award is to make the employee whole—i.e., restore the economic status quo that would have obtained but for the wrongdoing on the part of the employer. *Equal Emp. Opportunity Comm'n v. Beverage Distributors Co., LLC*, No. 11-CV-02557-CMA-CBS, 2013 WL 6458735, at *2 (D. Colo. Dec. 9, 2013), aff'd in part, rev'd in part at 780 F.3d 1018 (10th Cir. 2015); *see also Aguinaga v. United Food & Commercial Workers Int'l Union,* 993 F.2d 1463, 1473 (10th Cir.1993) (citing *Bowen v. United States Postal Serv.,* 459 U.S. 212, 222–23 (1983); and *NLRB v. J.H. Rutter–Rex Mfg. Co.,* 396 U.S. 258, 263 (1969)).

Plaintiff should be precluded from introducing evidence or testimony regarding its claim for backpay on behalf of Mr. Berry because Mr. Berry is not entitled to back pay during the time he received Social Security Disability Insurance benefits. Even if Plaintiff were permitted to introduce evidence and testimony regarding its claim for backpay, any claim for backpay should be limited based on the average tenure of Mr. Berry's prior employment and limited to the difference between the wages Mr. Berry was earning at Griffin Memorial Hospital and the wages he would have made at Defendant.

A.      Mr. Berry is not entitled to front or back pay during the time he received Social Security Disability Insurance benefits.

Mr. Berry has been receiving Social Security Disability Insurance benefits ("SSDI") since 2013 based on his representation that he is unable to work and continues to receive these benefits today. ECF Doc# 67-4, p. 1; ECF Doc# 67-1 (Def. Ex. A, pp. 121:17-20).

Because the purpose of a back pay award is to make the employee whole—i.e., restore the economic status quo that would have obtained but for the wrongdoing on the part of the employer (*Beverage Distributors Co.*, 2013 WL 6458735, at *2), this remedy does not extend to periods when a plaintiff would have been unable to continue working due to disability. *Thornley v. Penton Pub., Inc.*, 104 F.3d 26, 31 (2nd Cir. 1997).

In *Morse v. JetBlue Airways Corp.*, 09-cv-5075, 2014 WL 2587576, * 3 (E.D. N.Y. June 9, 2014, the plaintiff applied for Social Security Disability Insurance ("SSDI") benefits after her employment was terminated, representing in her application that she became unable to work because of her disabling condition. *Id.* The plaintiff's application for benefits was approved and plaintiff continued to receive benefits during the pendency of her lawsuit. *Id.* In finding the purpose of back pay is to redress the economic injury the plaintiff has suffered as a result of the discrimination, the court held that this remedy does not extend to periods where a plaintiff would have been unable to continue working due to disability.[2] *Id.*

Since December 2013, Mr. Berry has consistently received monthly Social Security Disability Insurance benefits based on his representations under oath that he became "unable to work because of his disabling condition" in 2013. ECF Doc# 67-4, p. 1; ECF Doc# 67-1, pp. 121:17-20. Therefore, any claim for backpay should excluded those periods

---

[2] This same reasoning also prohibits Plaintiff's claim for front pay on behalf of Mr. Berry during those periods during which Mr. Berry received social security disability benefits. *Thornley*, 104 F.3d at 31; *Morse*, 2014 WL 2587576.

during which Mr. Berry received social security disability benefits. *Thornley*, 104 F.3d at 31; *Morse*, 2014 WL 2587576.

      B.   <u>Any claim for backpay should be limited based on the average tenure of Mr. Berry's prior employment and limited to the difference between the wages Mr. Berry was earning at Griffin Memorial Hospital and the wages he would have made at Defendant.</u>

If the EEOC is not precluded from seeking backpay damages for Mr. Berry, such claim for backpay should be limited 1) to the difference between Mr. Berry's wages at Griffin Memorial Hospital and the wages he would have earned had he been hired at Defendant and 2) based on the average tenure of Mr. Berry's prior employment.

At the time Mr. Berry applied for the position at Defendant, he was already employed, earning $10.18/hour at Griffin Memorial Hospital. After Defendant rescinded his conditional offer of employment, Mr. Berry remained employed at Griffin Memorial Hospital until he was terminated. Therefore, the appropriate measure of backpay damages is the difference between Mr. Berry's wages at Griffin Memorial Hospital and the wages he would have earned at Defendant.

In addition, the period of time for which Mr. Berry could be entitled to backpay damages should be limited. While the EEOC seeks backpay damages for Mr. Berry for a period of approximately sixty eight (68) months (February 2017 – present), it has provided no factual basis, besides mere speculation, for concluding that Mr. Berry would have remained employed for the entire period alleged in the EEOC's claim for backpay.

While there is a presumption that a plaintiff will have continuous work during the back pay period, this presumption may be overcome if the employer provides

sufficient evidence that plaintiff would not have worked for this entire period. *See EEOC v. Dial Corp.*, 469 F.3d 735 (8th Cir. 2006); *see also OFCCP v. Greenwood Mills*, ARB Nos. 00-044 and 01-089, ALJ No. 1989-OFC-39 (ARB Dec. 20, 2002); *Lawrence Aviation Industries, Inc., v. Reich*, No. 98-6219, 1999 WL 494870, at **1-2 (2d Cir. July 6, 1999).

Over the last decade, Mr. Berry has worked no longer than 10.3 months at any given job and in the last eight (8) years, has only worked a total of ten (10) months. Dkt. 70-6, ¶¶ 9, 17; Dkt. 70-7 (Def. Ex. 4, pp. 31:22-32:6); Dkt. 74-5, pp. 2-4. Therefore, if Plaintiff is not excluded from introducing evidence and testimony in support of its claim for backpay, any claim for backpay should be limited to the average time Mr. Berry historically held a job. *Cf. E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 530 (11th Cir. 1990) (district court properly exercised its discretion when it opted to use averages in computing the back pay period).

Evidence relating to backpay damages on behalf of Mr. Berry should be excluded or, in the alternative, limited the average tenure of Mr. Berry's prior employment – 10.3 months -- and the difference between the wages Mr. Berry was earning at Griffin Memorial Hospital and the wages he would have made at Defendant.

**7.    Plaintiff should be excluded from introducing evidence and/or testimony regarding the issue of backpay to the jury.**

Plaintiff should be barred from introducing any evidence and/or testimony in front of the jury in support of its claim for backpay for Mr. Berry because the issue of backpay is an equitable remedy to be determine by the Court.

In general, the characteristic of backpay as legal or equitable has been determined by whether the plaintiff has requested backpay as an adjunct to the equitable remedy of reinstatement, in which case it has been characterized as equitable. *Kierl-Allen v. Salvation Army Arkansas/Oklahoma Division*, 2021 WL 4495909, at *10-11 (W.D. Okla. September 21, 2021); *see also Millsap v. McDonnel Douglas Corp.*, 368 F.3d 1246, 1254 (10th Cir. 2004).

In this case, Plaintiff is seeking both backpay and reinstatement, thus rending the issue of backpay an equitable remedy. *Kierl-Allen*, 2021 WL 4495909, at *10-11; *Millsap*, 368 F.3d 1246. Therefore, Plaintiff should be precluded from introducing any evidence and/or testimony regarding the issue of backpay to the jury. *Id.*

**8.    Evidence relating to Plaintiff's claim that Mr. Berry is entitled to health insurance benefits as part of its claim for backpay damages should be excluded.**

As of part of its claim for backpay damages on behalf of Bryan Berry, Defendant anticipates that Plaintiff will introduce evidence and/or testimony regarding lost health insurance benefits. However, Plaintiff's claim that Mr. Berry is entitled to health insurance benefits should be excluded because Mr. Berry has been receiving both Medicare and Medicaid benefits since prior to the time he applied for the position at Defendant.

In order to recover for lost insurance coverage, a plaintiff must show that he either incurred expenses in securing alternative insurance coverage or incurred medical expenses that would have been covered under the employer's insurance program. *U.S. EEOC v. Custom Companies, Inc.*, 2007 WL 734395, at *14 (N.D. Ill. March 8, 2007); *see also Fresquez v. BNSF Railway Co.*, 421 F.Supp.3d 1099 (D. Colorado 2019).

Here, Mr. Berry has not incurred any expenses in securing alternative insurance coverage because Mr. Berry has been eligible for and receiving both Medicare and Medicaid benefits since prior to the time he applied for the position at Defendant.  In addition, there is no evidence that he has incurred medical expenses that would have been covered by Defendant's insurance program.

Therefore, Plaintiff should be excluded from introducing evidence or testimony relating to its claim that Mr. Berry is entitled to health insurance benefits as part of its claim for backpay.

**9.     Evidence regarding Defendant's Financial Worth should be excluded.**

Evidence or testimony regarding Defendant's size, financial standing, revenue or net worth is irrelevant and immaterial and should be excluded.  Fed. R. Evid. 402, 403. Evidence regarding Defendant's net worth, size, profits, earnings, revenue or wealth is wholly irrelevant to the issues of disability discrimination and to damages.  Therefore, such evidence and testimony should be excluded.

**10.    Defendant's Request for a Bifurcated Trial.**

Rule 42(b) of the Federal Rules of Civil Procedure allows a court to bifurcate a trial and discovery: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). Bifurcation of issues is appropriate "if such interests favor separation of the issues and the issues are clearly separable." *Aragon v. Allstate Ins. Co.*, 185 F. Supp. 3d 1281, 1285 (D.N.M. 2016), quoting *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1110 (10th Cir. 2003).

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests the entry of an Order, prior to the *voir dire* examination of the jury panel that precludes opposing counsel, Plaintiff and its witnesses from any reference whatsoever at trial – whether direct or indirect – to: (1) evidence and testimony regarding the EEOC's probable cause determination; (2) the three (3) page Dr. Rebecca Morgan letter dated December 28, 2018 and testimony in reliance upon it; (3) evidence and testimony regarding the off-the-clock use of a copier as a proposed accommodation for Mr. Berry; (4) evidence and testimony regarding the potential accommodations for Mr. Berry not listed in Plaintiff's interrogatory responses; (5) evidence and testimony regarding Plaintiff's claim for front pay; (6) evidence relating to backpay damages on behalf of Mr. Berry; (7) evidence and testimony to the jury relating to the issue of backpay damages;  (8) evidence relating to Plaintiff's claim that Mr. Berry is entitled to health insurance benefits; and (9) the financial conditions of Defendant; and the entry of an Order granting Defendant's request for a bifurcated trial.

Respectfully submitted,

By:    */s/ Andrew J. Martone*
Andrew J. Martone, MO 37382
Abigail B. Schwab, *pro hac vice*
Hesse Martone, P.C.
530 Maryville Centre Drive, Suite 250
St. Louis, MO  63141
(314) 862-0300 Phone
(314) 862-7010
andymartone@hessemartone.com
abbyschwab@hessemartone.com

and

By:   */s/ Benjamin Oxford*
        Benjamin Oxford, OBA #22259
        Oxford Lehr, PLLC
        1800 S Baltimore Avenue, Ste 825
        Tulsa, OK  74119
        (918) 884-6015 Phone
        (888) 424-7080 Fax
        ben@oxfordlehr.com

        **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 17, 2022 a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all counsel of record.


        */s/     Andrew J. Martone*